IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**BENJAMIN MATTHEW MELTON**                                   **PETITIONER**
Reg. #50533-177

V.                        No. 2:25-cv-00217-LPR-ERE

**WARDEN, FCI Forrest City Medium**                            **RESPONDENT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections to all or part of the RD. Objections must: (1) specifically explain the factual or legal basis for the objection; and (2) be filed within fourteen days of the date of the RD. If you do not object, you risk waiving the right to appeal questions of fact.

**I.    Background**

On November 3, 2025, Petitioner Benjamin Melton, then an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] summarily asserting that Respondent "should calculate and apply" his First Step Act ("FSA") time credits.[2] *Doc. 1*.

---

[1] In January 2024, in the United States District Court for the Western District of Oklahoma, Mr. Melton was sentenced to 63 months in the BOP for being a felon in possession of ammunition. *Doc. 6-1*.

[2] The FSA includes an incentive-based program that allows prisoners to earn time credits. 18 U.S.C. § 3632(d)(4)(A). For eligible inmates, earned time credits apply toward earlier

On December 12, 2025, Respondent filed a response seeking dismissal of the petition for lack of territorial jurisdiction, failure to exhaust, and failure to set forth facts sufficient to state a plausible claim. *Doc. 6*. Mr. Melton has not replied, and the time for doing so has passed.

For the below reasons, I recommend dismissing the petition without prejudice because the Court lacks territorial jurisdiction and the claims are futile.

## II.   DISCUSSION

### A.   Territorial Jurisdiction

When Mr. Melton filed his habeas corpus petition, he was an inmate at FCI Forrest City, Arkansas, and named as Respondent the facility's warden, who was his custodian at the time.[3] *Doc. 1*. At some point after filing this petition, Mr. Melton was transferred to FCI Texarkana, where he remains in custody.[4]

Section 2241 provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). This rule "require[s] 'nothing more than the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v.*

---

placement in pre-release custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4)(C).

[3] See *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (holding that "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the Petitioner].'").

[4] *Doc. 6. See also*, www.bop.gov/inmateloc/ (last accessed Jan. 7, 2026).

*30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973)). There must be a custodian within the territorial confines of the district court. *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987).

In challenges to present physical confinement, "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent" *Padilla*, 542 U.S. at 444. "By definition, the immediate custodian and the prisoner reside in the same district." *Id.* at 442. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

Questions of territorial jurisdiction become less clear when, as occurred here, the petitioner is transferred while the habeas petition is pending. In *Padilla*, the Supreme Court held that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441; see *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) ("It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only so long as an appropriate respondent with custody remains in the district.") (quotation omitted).

As mentioned above, Mr. Melton properly filed the petition in the Eastern District of Arkansas but was subsequently transferred to a federal detention facility in Texas. This Court lacks jurisdiction over the warden of a Texas federal prison. Although the government can consent to territorial jurisdiction, it has not done so here. So, the Court does not have jurisdiction over Mr. Melton's habeas petition.

Considering this, the Court must decide whether to dismiss the petition, or, in the interests of justice, transfer it to the to the Northern District of Texas.[5] Because Mr. Melton's petition is futile, the Court should decline to transfer this case.

### B.   Mr. Melton's Failure to Exhaust

A federal inmate typically must exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). Although this judicially created exhaustion requirement is not mandated by statute, it is designed to serve several purposes including:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

---

[5] *See* 28 U.S.C. § 1631.

Mr. Melton made two informal requests related to the issues raised in his habeas petition, but based on Respondent's undisputed evidence, he took no additional action.[6] *Doc. 7-2*. In other words, although Mr. Melton initiated the administrative remedy process, he did not exhaust the entire appeal process.

Under proper circumstances, the Court may overlook Mr. Melton's failure to exhaust and proceed to the merits.[7] Deciding whether to do so requires balancing Mr. Melton's interest "in retaining prompt access to a federal judicial forum" with the BOP's "institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). Mr. Melton does not allege that he will suffer prejudice absent immediate habeas review, and, considering his anticipated release date of November 14, 2027, he has time to complete the exhaustion process. Whether Mr. Melton is entitled to have FSA credits applied to

---

[6] The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

[7] The Eighth Circuit has recognized that courts may craft exceptions to judicially created exhaustion requirements "where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the . . . administrative agency below." *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). The exhaustion requirement may be excused, for example, where a party shows that pursuing an administrative remedy would be futile. *Id*. (citing *City Bank Farmers' Trust Co. v. Schnader,* 291 U.S. 24, 34 (1934)). However, Mr. Melton has not presented any excuse for his failure to exhaust.

his sentence is an issue that should be developed through exhaustion of available administrative remedies. Mr. Melton must present his claims to the BOP and complete each step of the administrative exhaustion process *before* seeking relief in federal court. If, after properly exhausting his administrative remedies, Mr. Melton disputes the BOP's final decision, he may return to federal court and seek relief under § 2241.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Benjamin Melton's petition for writ of habeas corpus be DENIED, and this case is DISMISSED without prejudice.

The Clerk of the Court is directed to update Petitioner's mailing address to FCI Texarkana, Federal Correctional Institution, P.O. Box 7000, Texarkana, TX 75505 and send a copy of this RD to that address.

IT IS SO ORDERED 8 January 2026.

_____
UNITED STATES MAGISTRATE JUDGE